David J. Dow, Bar No. 179407
ddow@littler.com
Jocelyn D. Hannah, Bar No. 224666
jhannah@littler.com
LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, California  92101.3577
Telephone:  619.232.0441
Fax No.:     619.232.4302

Attorneys for Defendant
FIRST TRANSIT, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MASSOUD AZIMIHASHEMI,
individually, and on behalf of other
members of the general public similarly
situated,

                    Plaintiff,

          v.

FIRST TRANSIT SERVICES, INC., an
unknown business entity; FIRST
TRANSIT, INC., an unknown business
entity; FIRST GROUP AMERICA, an
unknown business entity; and DOES 1
through 100, inclusive,

                    Defendants.

Case No. 8:21-CV-00780

[Orange County Superior Court Case
No. 30-2021-01185526-CU-OE-CXC

**NOTICE OF REMOVAL TO
FEDERAL COURT PURSUANT
TO 28 U.S.C. §§ 1332, 1441, AND
1446**

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

1

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT, TO PLAINTIFF
2   MASSOUD AZIMIHASHEMI, AND TO PLAINTIFF'S ATTORNEYS OF
3   RECORD:
4          PLEASE TAKE NOTICE that Defendant First Transit, Inc. ("Defendant")
5   hereby removes the state court action described herein, filed by Plaintiff Massoud
6   Azimihashemi ("Plaintiff") in the Superior Court of the State of California, County of
7   Orange, to the United States District Court for the Central District of California,
8   pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446.  Defendant makes the following
9   allegations in support of its Notice of Removal:

10  **I.   STATEMENT OF JURISDICTION**

11         1.     This Court has original jurisdiction over this action pursuant to the Class
12  Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts
13  with original jurisdiction of any civil action: (a) that is a class action with a putative
14  class of more than a hundred members; (b) in which any member of a class of plaintiffs
15  is a citizen of a state different from any defendant; and (c) in which the matter in
16  controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C.
17  § 1332(d).  CAFA authorizes removal of such actions in accordance with 28 U.S.C.
18  § 1446.  As set forth below, this case meets all of CAFA's requirements for removal
19  and is timely and properly removed by the filing of this Notice of Removal.

20  **II.  VENUE**

21         2.     Plaintiff originally brought this action in the Superior Court of the State of
22  California, County of Orange.   Therefore, venue lies in the Central District of
23  California, Southern Division pursuant to 28 U.S.C. §§ 84 (c)(3), 1441(a), and 1446(a).

24  **III. PLEADINGS, PROCESS, AND ORDERS**

25         3.     On February 24, 2021, Plaintiff filed an unverified Class Action Complaint
26  against Defendant and various Doe defendants in the Orange County Superior Court
27  entitled *MASSOUD AZIMIHASHEMI, individually and on behalf of other persons*
28

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

2

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

*similarly situated, Plaintiffs, v. FIRST TRANSIT SERVICES, INC., an unknown business entity; FIRST TRANSIT, INC., an unknown business entity; FIRST TRANSIT INC., an unknown business entity; FIRST GROUP AMERICA, an unknown business entity; and DOES 1 through 100, Defendant*, designated as Case No. 30-2021-01185526-CU-OE-CXC (hereinafter, the "Complaint").  (A true and correct copy of the Complaint is attached hereto as **Exhibit A**.)

4.     The Complaint asserts the following causes of action: "(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime), (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums), (3) Violation of California Labor Code §§ 226.7 (Unpaid Rest Period Violations), (4) Violation of California Labor Code §§ 1194, 1197, and 19971.1 (Unpaid Minimum Wages), (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid), (6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment), (7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements), (8) Violation of California Labor Code § 1174(d) (Failure to Keep Requisite Payroll Records), (9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses), (10) Violation of California Business & Professions Code §§ 17200, et seq." (Complaint, Caption page.)  The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5.     Defendant First Transit, Inc. has not yet been served with the Complaint. Another purported entity, First Transit Services, Inc., named in the Complaint but not related to Defendant First Transit, Inc. appears to have been attempted to be served through First Transit, Inc.'s agent for service of process, CT Corporation System on March 25, 2021.

6.     Attached hereto as **Exhibit B** are true and correct copies of the Summons issued by the Court, the Civil Case Cover Sheet, Notice of Case Assignment, Minutes

of Chambers Work and Clerk's Certificate of Mailing, obtained from the Orange County Superior Court website. None of these documents have been served on Defendant.

7. Although Defendant has not yet been served, in an abundance of caution due to the attempted service on named Defendant First Transit Services, Inc., through First Transit, Inc.'s agent for service of process on April 23, 2021, Defendant filed an Answer in the Orange County Superior Court and served a copy of that Answer on Plaintiff's counsel of record. Attached hereto as **Exhibit C** is a true and correct copy of Defendant's Answer.

8. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Orange County Superior Court or served by any other party. To Defendant's knowledge, no proceedings related hereto have been heard in the Orange County Superior Court.

**IV. TIMELINESS OF REMOVAL**

9. An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

10. Removal of this action is timely. Defendant has not been served with the Complaint. However, Defendant appeared in this case in Orange County Superior Court on April 23, 2021 by answering the Complaint, at which time it became a party to the case subject to the court's authority, which has the equivalent procedural effect of the service of a summons. *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."). This removal is timely

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

4

NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

1    filed within 30 days of Defendant's first appearance. Because Defendant appeared on

2    April 23, 2021, the thirty-day period for removal began to run on April 23, 2021 and

3    will conclude May 23, 2021. Even if the purported service on First Transit Services,

4    Inc. on March 25, 2021 could somehow be construed as service on First Transit, Inc.,

5    which it cannot removal is still timely, as the deadline to remove would fall on April

6    26, 2021, the thirtieth day after service having fallen on a Saturday. As referenced

7    above, this Notice of Removal also contains all process, pleadings and orders entered

8    in this action, and the Answer filed and served by Defendant on April 23, 2021. (*See*

9    Exhibits A-C.)

10   **V.     CAFA JURISDICTION**

11        11.    CAFA grants federal district courts original jurisdiction over civil class

12   action lawsuits filed under federal or state law in which any member of a class of

13   plaintiffs is a citizen of a state different from any defendant, where there are at least 100

14   putative class members, and where the matter's amount in controversy exceeds

15   $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes

16   removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this

17   case meets each CAFA requirement for removal, and is properly removed by the filing

18   of this Notice of Removal.

19        **A.     This is a Class Action.**

20        12.    Plaintiff filed this action as a class action. (Complaint, ¶¶ 12 - 16.)

21        **B.     The Proposed Class Contains At Least 100 Members.**

22        13.    The provisions of CAFA apply to proposed class actions involving 100

23   individuals or more. 28 U.S.C. § 1332(d)(5)(B). This requirement is met in this case.

24        14.    Plaintiff seeks to represent a class consisting of Plaintiff and "All current

25   and former hourly-paid or non-exempt employees who worked for any of the

26   Defendants within the State of California at any time during the period from four years

27

28

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

5

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

1  before the filing of this Complaint to final judgment and who reside in California."
2  (Complaint, ¶ 13.)

3       15.   Defendant employed at least 7,437 individuals in the State of California
4  from February 24, 2017 through February 21, 2021.  Thus, CAFA's requirement that
5  the action involve 100 or more individuals is satisfied.

6       **C.    Defendant Is Not A Governmental Entity.**

7       16.   CAFA does not apply to class actions where "primary defendants are
8  States, State officials, or other governmental entities against whom the district court
9  may be foreclosed from ordering relief."  28 U.S.C. § 1332(d)(5)(B).

10       17.   Defendant is a corporation, not a state, state official or other government
11  entity exempt from CAFA.

12       **D.    There Is Diversity Between At Least One Putative Class Member And**
13           **One Defendant.**

14       18.   CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any
15  member of a class of plaintiffs is a citizen of a State different from any defendant."  28
16  U.S.C. §§ 1332(d)(2)(A), 1453(b).  In a class action, only the citizenship of the named
17  parties is considered for diversity purposes and not the citizenship of the unnamed
18  putative class members.  *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).  Additionally,
19  for removal purposes, diversity must exist both at the time the action was commenced
20  in state court and at the time of removal.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300
21  F.3d 1129, 1131 (9th Cir. 2002).  Minimal diversity of citizenship exists here because
22  Plaintiff and Defendant are citizens of different states.

23       19.   For diversity purposes, a person is a "citizen" of the state in which he is
24  domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)
25  (confirming that a person's domicile is the place he resides with the intention to remain).
26  Furthermore, allegations of residency in a state court complaint can create a rebuttable
27  presumption of domicile supporting diversity of citizenship.  *Lew v. Moss*, 797 F.2d

28

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

6

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

747, 751 (9th Cir. 1986); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Overholt v. Airista Flow Inc.*, No. 17cv1337-MMA (AGS), 2018 WL 355231, at *4 (S.D. Cal. Jan. 10, 2018) (citations omitted).

20.    Here, at the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff resided in the State of California. (Complaint, ¶ 5 ["Plaintiff is an individual residing in the State of California."]).  Based on the foregoing, Defendant is informed and believes that Plaintiff is a citizen of the State of California.

21.    For diversity purposes, a corporation "shall be deemed a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(l).  Defendant is incorporated under the laws of the State of Delaware and, pursuant to 28 U.S.C. § 1332(c)(1), Defendant is therefore a citizen of the State of Delaware.

22.    Defendant is also a citizen of the State of Ohio because a corporation is deemed to be a citizen of the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  As clarified by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), Section 1332(c)(1)'s use of "the phrase 'principal place of business' refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center." *Id.* at 80-81.  Except in unusual circumstances, a corporation's corporate headquarters is its nerve center. *Id.* at 93-94.

23.    Defendant has its corporate headquarters at 600 Vine Street, Cincinnati, Ohio.

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

7

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

24.    A majority of Defendant's corporate decisions, including operational, executive, administrative, and policymaking decisions, are made from Defendant's Cincinnati, Ohio headquarters.  Defendant's management and administrative functions are located in Cincinnati, Ohio, including human resources, finance, treasury, legal, payroll, and safety.  Defendant's "nerve center" and, thus, its principal place of business, is located in Cincinnati, Ohio.  *See Hertz*, 559 U.S. at 92-93.

25.    FirstGroup America, Inc. is incorporated in under the laws of the State of Delaware and, pursuant to 28 U.S.C. 1332(c)(1), is therefore a citizen of Delaware. FirstGroup America, Inc. is also a citizen of the State of Ohio because its corporate headquarters are located at 600 Vine St., Ste 1400, Cincinnati, OH, 45202-2426 and majority of its corporate decisions, including operational, executive, administrative, and policymaking decisions, are made from the Cincinnati, Ohio headquarters.  As such, FirstGroup America, Inc.'s principal place of business in the State of Ohio and FirstGroup America is also a citizen of the State of Ohio.

26.    FirstGroup America, Inc. consents to this removal.

27.    As noted, Defendant is unaware of any entity named "First Transit Services, Inc.," and there is no such entity with any sort of a parent, subsidiary of sister-entity relationship with Defendant and no such entity involved in the employment of the putative class.  As such, First Transit Services, Inc. is a sham Defendant which can be ignored for purposed of diversity of citizenship.

28.    The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. § 144l(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.").

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

8

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

29.     Accordingly, the named Plaintiff is a citizen of a state different from Defendant, and diversity exists for purposes of CAFA jurisdiction.  *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E.     The Amount In Controversy Exceeds $5,000,000.**

30.     The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).  In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554.  "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 553.

31.     For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is the amount that is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe.  *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

9

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

32.     Defendant denies the validity and merit of the entirety of Plaintiff's claims, the legal theories upon which they are ostensibly based, and the claims for monetary and other relief that flow therefrom.  For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the allegations of Plaintiff's Complaint establish that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000.

33.     Here, Plaintiff does not allege the amount in controversy in his Complaint. In the Prayer for Relief, Plaintiff seeks, *inter alia*, "For general unpaid wages at overtime wage rates;" "one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;" "one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;" "for statutory wage penalties pursuant to California Labor Code section 1197.1;" "for statutory wage penalties pursuant to California Labor Code section 203;" "for statutory penalties pursuant to California Labor Code section 226(e);" "for statutory penalties pursuant to California Labor Code section 1174.5;" "for actual, consequential and incidental losses and damages, according to proof;" "Damages for unpaid addition compensation for failing to provide timely or uninterrupted or lawful meal periods and rest periods;" "for restitution of unpaid wages;" and for "reasonable attorneys' fees and costs." (Complaint, Prayer for Relief ¶¶ 6-58.)

34.     When, as here, the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.  Defendant's notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*, 135 S. Ct. at 554.

### i.     Meal and Rest Break Premiums

35.     Defendant is entitled to base its calculations, for purposes of calculating the amount in controversy, on the argument and allegations by Plaintiff in his Second

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

10

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

Cause of Action for Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums) and Third Cause of Action for Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums).  (Complaint, ¶¶ 61, 62 ["Plaintiff and the other class members…were required to work for periods longer than five (5) hours within an uninterrupted meal period of not less than thirty (30) minutes and/or rest period;" Complaint, ¶ 71 ["Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked;" *see also* Complaint ¶ 27, ["Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties."]; Complaint ¶ 29 ["Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed"].

36.    Thus, Plaintiff asserts that Defendant owes him and each putative class member a premium equal to one (1) hour of wages per missed meal and rest period. (Complaint, Prayer for Relief, ¶¶ 11, 18; *see also* Cal. Labor Code § 226.7 [requiring one hour's pay for each day an employee does not receive a compliant rest period]).

37.    Between February 24, 2017 and February 21, 2021, dates within the relevant time period alleged in the Complaint, Defendant employed at least 7,437 individuals in the State of California.

38.    For the time period of February 24, 2017 to February 21, 2021, the period for which time records were analyzed for purposes of the meal and rest period claims, and for the purposes of removal, Defendant was able to analyze the pay data of 5,780

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

11

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

of the 7,437 California employees.  These 5,780 California employees were employed a combined total of approximately 156,337 bi-weekly pay periods during that period. The average rate of pay for the employees who worked those 156,337 bi-weekly pay periods was $16.80 per hour.

39.    Defendant "may make mathematical calculations using reasonable averages of, for example, hourly, monthly, and annual incomes of comparable employees when assessing the amount-in-controversy." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *2 (C.D. Cal. May 30, 2014) (citing *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148-49 (C.D. Cal. 2010)).  Accordingly, assuming a conservative estimate of one meal period and one rest period violations per bi-weekly pay period (*i.e.*, one meal period violation per workweek and one rest period violation ever two weeks) during the class period, the amount at issue for Plaintiff's Second Cause of Action for meal period violations and Third Cause of Action for rest period violations is **$5,252,923.20 for the four-year period.** (156,337 bi-weekly pay periods X 2 violations per pay period X $16.80 average hourly rate).  *See Long v. Destination Maternity Corp.*, No. 15cv2836-WQH-RBB, 2016 WL 1604968, at *8 (S.D. Cal. April 21, 2016) ("Because Plaintiff does not include fact-specific allegations regarding the circumstances of the alleged . . . rest periods, it is reasonable for Defendant to estimate damages sought based on one . . . rest period violation per employee per week." (citations omitted)).  Defendant's conservative assumption of one violation every two weeks to calculate the amount in controversy on Plaintiff's meal and rest break claims are reasonable, particularly given that courts often assume violation rates of 100% in calculating the amount in controversy when the complaint does not allege a more precise calculation.  *See, e.g.*, *Ritenour v. Carrington Mortgage Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate."); *Thomas v. Aetna Health of Cal., Inc.*,

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

12

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

No. 1:10-cv-01906-AWI-SKO, 2011 WL 2173715, at *20 (E.D. Cal. June 2, 2011); *Navarro v. Servisair, LLC*, No. C 08-02716 MHP, 2008 WL 3842984, at *8-9 (N.D. Cal. Aug. 14, 2008); *Alvarez v. Ltd. Express, LLC*, No. 07CV1051 IEG (NLS), 2007 WL 2317125, at *3 (S.D. Cal. Aug. 8, 2007); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007).

40.     These courts recognize "that imposing overly stringent requirements on a defendant to proving the amount in controversy would run the risk of essentially asking defendants to prove the plaintiffs' case." *Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *5 (N.D. Cal. June 14, 2013); *see also Jones v. Tween Brands, Inc.*, No. 2:14-CV-1631-ODW (PLAx), 2014 WL 1607636, at *2 (C.D. Cal. Apr. 22, 2014) (finding defendant did not need to provide payroll data to support removal because defendant "is not required to meet such a high burden.") (citing *Muniz*, 2007 WL 1302504, at *7).

41.     For example, in *Muniz* the district court held that "a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Muniz*, 2007 WL 1302504, at *2 (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008). A defendant is thus not obligated "to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz*, 2007 WL 1302504, at *5 (citing *McGraw*, 863 F. Supp. 2d at 434); *see also Thomas*, 2011 WL 2173715, at *20 ("[R]equiring Defendants to forecast an exact violation rate would essentially force a removing defendant to prove the plaintiff's case." (citing *Muniz*, 2007 WL 1302504, at *3)).

42.     In *Alvarez*, the plaintiff broadly alleged meal and rest period violations based on an "'extreme workload' that made it 'virtually impossible' for defendant's employees to take meal periods and rest breaks" and a "'company culture' that

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

13

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

discouraged meal periods and rest breaks." 2007 WL 2317125, at *3. Assuming the allegations in the complaint were true, the court concluded the plaintiff's complaint could support a 100% violation rate. *Id.*

43. Similarly, in *Muniz*, the plaintiff did not allege "facts specific to the circumstances of her or the class members' allegedly missed meal and/or rest periods"; "[i]nstead, plaintiff allege[d] a common course of conduct in violation of the law resulting in injury to herself and every other hourly employee employed by defendant in the State of California in the four years preceding the filing of the Complaint." 2007 WL 1302504 at *4. The court permitted the defendant to use a 100% violation rate to determine the maximum penalties, since the plaintiff was the "'master of [her] claim[s],'" and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought." *Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Ford v. CEC Entm't, Inc.*, No. CV 14-01420 RS, 2014 WL 3377990, at *3 (N.D. Cal. July 10, 2014) (finding plaintiff's allegation that "[d]efendants implemented a *systematic, company-wide policy* to not pay rest period premiums" justified defendant's assumption of a 100% violation rate that was "reasonably grounded in the complaint."); *Leos v. Fed. Express Corp.*, No. 2:14-cv-02864-ODW(AGRx), 2014 WL 2586866, at *5 (C.D. Cal. June 10, 2014) ("courts have allowed the assumption of a 100–percent violation rate where the plaintiff alleges in the complaint that each member of the class has been harmed." (citing *Coleman*, 730 F. Supp. 2d at 1149)).

44. In *Coleman*, the court held that where the plaintiff does not include a limitation on the number of violations, and taking the complaint as true, the court may find the "Defendants could properly calculate the amount in controversy based on a 100% violation rate." 730 F. Supp. 2d at 1149-51. As in *Coleman*, here, Plaintiff fails to include any limitations on the alleged number of rest break violations or limitations on the number of putative class members allegedly injured. Thus, as in *Coleman*,

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

14

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

1   Defendant may properly calculate the amount in controversy based on a 100% violation

2   rate.

3       45.    That being said, for purposes of this removal Defendant assumes only a

4   one meal and one rest period violation every two weeks, for a total of two violations per

5   bi-weekly pay period, for the four years of data analyzed, which results in an amount in

6   controversy figure that is substantially lower than if Defendant assumed a 100%

7   violation rate.  As noted above, assuming an estimate of two meal and rest period

8   violations per bi-weekly pay period during the relevant time period the amount at issue

9   for Plaintiff's Second Cause of Action for meal period violations and Third Cause of

10  Action for rest period violations is easily estimated to be at least **$5,252,923.20**, which

11  is itself sufficient to satisfy the amount in controversy requirement.

12      **ii.    Wage Statements**

13      46.    Defendant is also entitled to base its calculations, for purposes of

14  calculating the amount in controversy, on the argument and allegations by Plaintiff in

15  his Seventh Cause of Action alleging failure to provide accurate itemized wage

16  statements. (Complaint ¶ 96 ["Defendants have intentionally and willfully failed to

17  provide Plaintiff and the other class members with complete and accurate wage

18  statements.  The deficiencies include, but are not limited to: the failure to include the

19  total number of hours worked by Plaintiff and the other class members."].)

20  Accordingly, it is reasonable to assume, as Plaintiff alleges, that under Plaintiff's theory,

21  each wage statement issued during the relevant period of time allegedly failed to include

22  the total hours worked.  *See Duberry v. J. Crew Grp., Inc.*, No. 2:14-cv-08810-SVW-

23  MRW, 2015 WL 4575018, at *6-7 (C.D. Cal. July 28, 2015) (finding it reasonable to

24  apply a 100% violation rate as to the inaccurate wage statement claim); *Korn*, 536 F.

25  Supp. 2d at 1204 (courts may consider maximum penalty in calculating amount in

26  controversy for wage statement claim).

27

28

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

15

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

47.     Plaintiff's wage statement claim is subject to a one-year statute of limitations. *See Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 462 (S.D. Cal. 2007) (recovery under Section 226(a) constitutes a penalty and therefore is governed by a one-year statute of limitations under California Code of Civil Procedure § 340(a)). During the period of February 24, 2020 to April 16, 2021, Defendant issued approximately 22,399 wage statements to 1,779 putative class members in California. California Labor Code § 226(c) provides for penalties in the amount of "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)."   Accordingly, a conservative estimate of Plaintiff's claim for Section 226(c) penalties would result in an amount in controversy for the statutory time period of at least **$2,150,950** ([$50 X 1,779 initial violations] + [$100 X 20,620 subsequent violations] = $2,150,950).

### iii.     Waiting Time Penalties

48.     Defendant is also entitled to base its calculations, for purposes of calculating the amount in controversy, on Plaintiff's request in his Fifth Cause of Action for waiting time penalties under Labor Code § 203.  (Complaint, Prayer for Relief ¶ 32.) Plaintiff alleges that "Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ." (Complaint, ¶ 84).

49.     Penalties under California Labor Code § 203(a) are calculated at an employee's final daily rate of pay (*i.e.*, the employee's final wage rate times the employee's average shift length) times the number of days of waiting time penalties (up to 30 days). *See Mamika v. Barca*, 68 Cal. App. 4th 487, 491-93 (1998).  It therefore is reasonable to assume—for purposes of calculating the amount in controversy only— that none of the terminated putative class members were paid all of their wages owed

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

16

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

upon termination. Taking the allegations in the Complaint as true, each of these employees is entitled to 30 days' wages in waiting time penalties under Labor Code § 203. *See* Cal. Lab. Code § 203; *Giannini v. Northwestern Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. April 20, 2012) ("Defendants can properly assume that all members of the former employee subclass were entitled to maximum waiting time penalties under Labor Code section 203."); *Wilson v. Best Buy Co., Inc.*, No. 2:10-cv-3136-GEB-KJN, 2011 WL 445848, at *2 (E.D. Cal. Feb. 8, 2011) (finding defendant provided plausible evidence to support all former employees were entitled to thirty days of penalties based on allegation that plaintiff and class members did not receive their wages within 72 hours of termination); *Korn*, 536 F. Supp. 2d at 1206 n.4 (applying full 30 days' worth of wages for Section 203 penalties because plaintiff "cannot avoid satisfaction of the amount in controversy by arguing that the class plaintiffs may be awarded less than the statutory maximum.").

50.     The statute of limitations on a claim for waiting time penalties is three years. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395 (2010) ("[N]o one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages.").

51.     During the period of February 24, 2018 to April 16, 2021, at least 3,092 individuals employed by Defendant in California had their employment terminated. These terminated employees had an average final rate of pay of $16.86/hour. Accordingly, the amount in controversy at issue for Plaintiff's claim for waiting time penalties is conservatively estimated to be at least **$9,383,601.60** (3,092 former putative class members X $16.86 average rate of pay X 6 hours per day X 30 days). *See Jones*, 2014 WL 1607636, at *3 (defendant could rely on assumption of 100% violation rate where plaintiff sought "the statutory penalty wages for each day [the class members] were not paid, up to a thirty (30) day maximum pursuant to California Labor Code

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

17

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

section 203" and found the declaration in support of defendant's removal was sufficient where it set forth the total number of non-exempt employees within the class definition and the average hourly wage over the relevant time period.)

### iv.    The aggregate amount in controversy exceeds $5,000,000

52.    As set forth above, CAFA's amount in controversy requirement is satisfied by Plaintiff's claims for meal and rest break premiums, wage statement penalties, and waiting time penalties.   Based on the above calculations, Defendant's conservative estimate of the aggregate minimum amount in controversy for these claims is **$16,787,474.60** without inclusion of the remaining causes of action.

| Causes of Action | Amount in Controversy |
|---|---|
| Second and Third - Meal and Rest Period Violations | **$5,252,923.20** |
| Fifth - Waiting Time Penalties | **$9,383,601.60** |
| Seventh - Wage Statement Penalties | **$2,150,950** |
| **Total** | **$16,787,474.60** |

53.    Plaintiff also seeks attorneys' fees (*see* Complaint, Prayer for Relief, ¶¶ 8, 15, 27, 51, 56) which the Court could consider and include in the amount in controversy since the California Labor Code allows recovery of such fees.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  Attorneys' fees awards in California wage and hour class actions can total millions of dollars. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Pellegrino v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926.85 in attorneys' fees in exemption misclassification class action, but reversing as to multiplier); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (affirming award of $727,000 in attorneys' fees plus a

multiplier that equates to total fees of $1,199,550 in class action involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465 (N.D. Cal. Mar. 1, 2012) ("[I]t is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'" (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)).

54.    Even without including Plaintiff's claim for attorneys' fees, Plaintiff's claims place more than $5,000,000 in controversy.  Removal of this action is therefore proper as the aggregate value of Plaintiff's class claims for statutory damages, statutory penalties, and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).

55.    In light of the above, there is no question that the evidence shows that Plaintiff's claims exceed the jurisdictional minimum.  Accordingly, the "amount in controversy" requirement under CAFA is satisfied in this case.

## VII.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

56.    Following the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Edwin Aiwazian, and a copy of the Notice of Removal will be filed with the Clerk of the Orange County Superior Court in accordance with 28 U.S.C. § 1446(d).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

19

NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

1    WHEREFORE, Defendant hereby removes this action from the Superior Court

2    of the State of California, County of Orange, to the United States District Court for the

3    Central District of California.

4

5    Dated:        April 26, 2021

6                                                    LITTLER MENDELSON P.C.

7

8                                                    /s/ Jocelyn D. Hannah
                                                     David J. Dow
                                                     Jocelyn D. Hannah
9

10                                                   Attorneys for Defendants
                                                     FIRST TRANSIT, INC.

11   4846-7193-6742.1 / 070993-1182

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

20

NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 02/24/2021 10:15:07 AM.
30-2021-01185526-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

Edwin Aiwazian (SBN 232943)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

Assigned for All Purposes

Judge Glenda Sanders

CX-101

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| MASSOUD AZIMIHASHEMI, individually, and on behalf of other members of the general public similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> FIRST TRANSIT SERVICES, INC, an unknown business entity; FIRST TRANSIT, INC., an unknown business entity; FIRST GROUP AMERICA, an unknown business entity; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 30-2021-01185526-CU-OE-CXC <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES** <br><br> (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); <br> (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); <br> (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); <br> (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); <br> (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); <br> (6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); <br> (7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); <br> (8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records); <br> (9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); <br> (10) Violation of California Business & Professions Code §§ 17200, et seq. <br><br> **DEMAND FOR JURY TRIAL** |

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    COMES NOW, Plaintiff MASSOUD AZIMIHASHEMI ("Plaintiff"), individually, and

2    on behalf of other members of the general public similarly situated, and alleges as follows:

3                                    **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to the California Code of Civil Procedure

5    section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal

6    jurisdiction limits of the Superior Court and will be established according to proof at trial.  The

7    "amount in controversy" for the named Plaintiff, including but not limited to claims for

8    compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of

9    attorneys' fees, is less than seventy-five thousand dollars ($75,000).

10    2.    This Court has jurisdiction over this action pursuant to the California

11    Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all

12    other causes" except those given by statute to other courts.  The statutes under which this

13    action is brought do not specify any other basis for jurisdiction.

14    3.    This Court has jurisdiction over Defendant because, upon information and

15    belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or

16    otherwise intentionally avails itself of the California market so as to render the exercise of

17    jurisdiction over it by California courts consistent with traditional notions of fair play and

18    substantial justice.

19    4.    Venue is proper in this Court because, upon information and belief, Defendant

20    maintains offices, has agents, employs individuals, and/or transacts business in the State of

21    California, County of Orange.  The majority of acts and omissions alleged herein relating to

22    Plaintiff and the other class members took place in the State of California, including the County

23    of Orange.  At all relevant times, Defendant maintained its headquarters/"nerve center" within

24    the State of California, County of Orange.

25                                          **PARTIES**

26    5.    Plaintiff is an individual residing in the State of California.

27    6.    Defendants FIRST TRANSIT SERVICES, INC, FIRST TRANSIT, INC., FIRST

28    GROUP AMERICA, at all times herein mentioned, were and are, an employer whose

                                               2

1  employees are engaged throughout the State of California, including the County of Orange.

2         7.    At all relevant times, Defendants FIRST TRANSIT SERVICES, INC, FIRST

3  TRANSIT, INC., FIRST GROUP AMERICA were the "employer" of Plaintiff within the

4  meaning of all applicable California laws and statutes.

5         8.    At all times herein relevant, Defendants FIRST TRANSIT SERVICES, INC,

6  FIRST TRANSIT, INC., FIRST GROUP AMERICA, and DOES 1 through 100, and each of

7  them, were the agents, partners, joint venturers, joint employers, representatives, servants,

8  employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all

9  times relevant hereto were acting within the course and scope of their authority as such agents,

10  partners, joint venturers, joint employers, representatives, servants, employees, successors, co-

11  conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with

12  the ratification, knowledge, permission, encouragement, authorization and/or consent of each

13  defendant designated as a DOE herein.

14         9.    The true names and capacities, whether corporate, associate, individual or

15  otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sue

16  said defendants by such fictitious names. Plaintiff is informed and believes, and based on that

17  information and belief alleges, that each of the defendants designated as a DOE is legally

18  responsible for the events and happenings referred to in this Complaint, and unlawfully caused

19  the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.

20  Plaintiff will seek leave of court to amend this Complaint to show the true names and

21  capacities when the same have been ascertained.

22        10.    Defendant FIRST TRANSIT SERVICES, INC, FIRST TRANSIT, INC., FIRST

23  GROUP AMERICA and DOES 1 through 100 will hereinafter collectively be referred to as

24  "Defendants."

25        11.    Plaintiff further alleges that Defendants directly or indirectly controlled or

26  affected the working conditions, wages, working hours, and conditions of employment of

27  Plaintiff and the other class members so as to make each of said Defendants employers liable

28  under the statutory provisions set forth herein.

*LAWYERS for JUSTICE, PC*
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## CLASS ACTION ALLEGATIONS

12.    Plaintiff bring this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

13.    The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California.

SUBCLASS A. All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment who were subject to Defendants' practice of rounding time recorded for compensation of regular/overtime wages and who reside in California.

SUBCLASS B. All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment who were required by Defendants to stay on Defendant's premises for rest breaks and who reside in California.

SUBCLASS C. All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment who received overtime compensation at a rate lower than their respective regular rate of pay because Defendants failed to include all non-discretionary bonuses or other incentive-based compensation in the calculation of the regular rate of pay for overtime pay purposes and who reside in California.

14.    Plaintiff reserves the right to establish other subclasses as appropriate.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

15.   The class is ascertainable and there is a well-defined community of interest in the litigation:

    a.   <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    b.   <u>Typicality</u>: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

    c.   <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

    d.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

    e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect

retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

16. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b. Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d. Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f. Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g. Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h. Whether Defendants complied with wage reporting as required by the

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    California Labor Code; including, *inter alia*, section 226;

2    i.    Whether Defendants kept complete and accurate payroll records as

3    required by the California Labor Code, including, *inter alia*, section

4    1174(d);

5    j.    Whether Defendants failed to reimburse Plaintiff and the other class

6    members for necessary business-related expenses and costs;

7    k.    Whether Defendants' conduct was willful or reckless;

8    l.    Whether Defendants engaged in unfair business practices in violation of

9    California Business & Professions Code section 17200, et seq.;

10   m.    The appropriate amount of damages, restitution, and/or monetary

11   penalties resulting from Defendants' violation of California law; and

12   n.    Whether Plaintiff and the other class members are entitled to

13   compensatory damages pursuant to the California Labor Code.

14   <u>**GENERAL ALLEGATIONS**</u>

15   17.    At all relevant times set forth herein, Defendants employed Plaintiff and other

16   persons as hourly-paid or non-exempt employees within the State of California, including the

17   County of Orange.

18   18.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-

19   exempt employee, from approximately December 2019 to approximately March 2020, in the

20   State of California, County of Orange.

21   19.    Defendants hired Plaintiff and the other class members, classified them as

22   hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and

23   missed meal periods and/or rest breaks.

24   20.    Defendants had the authority to hire and terminate Plaintiff and the other class

25   members, to set work rules and conditions governing Plaintiff's and the other class members'

26   employment, and to supervise their daily employment activities.

27   21.    Defendants exercised sufficient authority over the terms and conditions of

28   Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff

7

1   and the other class members.

2       22.     Defendants directly hired and paid wages and benefits to Plaintiff and the other

3   class members.

4       23.     Defendants continue to employ hourly-paid or non-exempt employees within the

5   State of California.

6       24.     Plaintiff and the other class members worked over eight (8) hours in a day,

7   and/or forty (40) hours in a week during their employment with Defendants.

8       25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

9   engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt

10   employees within the State of California.  This pattern and practice involved, *inter alia*, failing

11   to pay them for all regular and/or overtime wages earned and for missed meal periods and rest

12   breaks in violation of California law.

13       26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

14   knew or should have known that Plaintiff and the other class members were entitled to receive

15   certain wages for overtime compensation and that they were not receiving accurate overtime

16   compensation for all overtime hours worked.

17       27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

18   failed to provide Plaintiff and the other class members all required rest and meal periods during

19   the relevant time period as required under the Industrial Welfare Commission Wage Orders

20   and thus they are entitled to any and all applicable penalties.

21       28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

22   knew or should have known that Plaintiff and the other class members were entitled to receive

23   all meal periods or payment of one additional hour of pay at Plaintiff's and the other class

24   member's regular rate of pay when a meal period was missed, and they did not receive all meal

25   periods or payment of one additional hour of pay at Plaintiff's and the other class member's

26   regular rate of pay when a meal period was missed.

27       29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

28   knew or should have known that Plaintiff and the other class members were entitled to receive

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

8

1 | all rest periods or payment of one additional hour of pay at Plaintiff's and the other class

2 | member's regular rate of pay when a rest period was missed, and they did not receive all rest

3 | periods or payment of one additional hour of pay at Plaintiff's and the other class members'

4 | regular rate of pay when a rest period was missed.

5 |      30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

6 | knew or should have known that Plaintiff and the other class members were entitled to receive

7 | at least minimum wages for compensation and that they were not receiving at least minimum

8 | wages for all hours worked.

9 |      31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

10 | knew or should have known that Plaintiff and the other class members were entitled to receive

11 | all wages owed to them upon discharge or resignation, including overtime and minimum wages

12 | and meal and rest period premiums, and they did not, in fact, receive all such wages owed to

13 | them at the time of their discharge or resignation.

14 |      32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

15 | knew or should have known that Plaintiff and the other class members were entitled to receive

16 | all wages owed to them during their employment.  Plaintiff and the other class members did

17 | not receive payment of all wages, including overtime and minimum wages and meal and rest

18 | period premiums, within any time permissible under California Labor Code section 204.

19 |      33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

20 | knew or should have known that Plaintiff and the other class members were entitled to receive

21 | complete and accurate wage statements in accordance with California law, but, in fact, they did

22 | not receive complete and accurate wage statements from Defendants.  The deficiencies

23 | included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the

24 | other class members.

25 |      34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

26 | knew or should have known that Defendants had to keep complete and accurate payroll records

27 | for Plaintiff and the other class members in accordance with California law, but, in fact, did

28 | not keep complete and accurate payroll records.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

37. During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

38. During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

39. During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

40. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

41. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

42. During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

43. During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

44. During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

45.     During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

46.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against FIRST TRANSIT SERVICES, INC., FIRST TRANSIT, INC., FIRST GROUP AMERICA and DOES 1 through 100)

47.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 46, and each and every part thereof with the same force and effect as though fully set forth herein.

48.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

49.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

50.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

51.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

11

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

2  of work, and to overtime compensation at twice the regular hourly rate for hours worked in

3  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

4  of work.

5       52.    During the relevant time period, Plaintiff and the other class members worked in

6  excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

7       53.    During the relevant time period, Defendants intentionally and willfully failed to

8  pay overtime wages owed to Plaintiff and the other class members.

9       54.    Defendants' failure to pay Plaintiff and the other class members the unpaid

10  balance of overtime compensation, as required by California laws, violates the provisions of

11  California Labor Code sections 510 and 1198, and is therefore unlawful.

12       55.    Pursuant to California Labor Code section 1194, Plaintiff and the other class

13  members are entitled to recover unpaid overtime compensation, as well as interest, costs, and

14  attorneys' fees.

15                      **SECOND CAUSE OF ACTION**

16            **(Violation of California Labor Code §§ 226.7 and 512(a))**

17          **(Against FIRST TRANSIT SERVICES, INC., FIRST TRANSIT, INC.,**

18                **FIRST GROUP AMERICA and DOES 1 through 100)**

19       56.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

20  through 55, and each and every part thereof with the same force and effect as though fully set

21  forth herein.

22       57.    At all relevant times, the IWC Order and California Labor Code sections 226.7

23  and 512(a) were applicable to Plaintiff's and the other class members' employment by

24  Defendants.

25       58.    At all relevant times, California Labor Code section 226.7 provides that no

26  employer shall require an employee to work during any meal or rest period mandated by an

27  applicable order of the California IWC.

28       59.    At all relevant times, the applicable IWC Wage Order and California Labor

12

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 Code section 512(a) provide that an employer may not require, cause or permit an employee to

2 work for a work period of more than five (5) hours per day without providing the employee

3 with a meal period of not less than thirty (30) minutes, except that if the total work period per

4 day of the employee is no more than six (6) hours, the meal period may be waived by mutual

5 consent of both the employer and employee.

6      60.     At all relevant times, the applicable IWC Wage Order and California Labor

7 Code section 512(a) further provide that an employer may not require, cause or permit an

8 employee to work for a work period of more than ten (10) hours per day without providing the

9 employee with a second uninterrupted meal period of not less than thirty (30) minutes, except

10 that if the total hours worked is no more than twelve (12) hours, the second meal period may

11 be waived by mutual consent of the employer and the employee only if the first meal period

12 was not waived.

13      61.     During the relevant time period, Plaintiff and the other class members who were

14 scheduled to work for a period of time no longer than six (6) hours, and who did not waive

15 their legally-mandated meal periods by mutual consent, were required to work for periods

16 longer than five (5) hours without an uninterrupted meal period of not less than thirty (30)

17 minutes and/or rest period.

18      62.     During the relevant time period, Plaintiff and the other class members who were

19 scheduled to work for a period of time in excess of six (6) hours were required to work for

20 periods longer than five (5) hours without an uninterrupted meal period of not less than thirty

21 (30) minutes and/or rest period.

22      63.     During the relevant time period, Defendants intentionally and willfully required

23 Plaintiff and the other class members to work during meal periods and failed to compensate

24 Plaintiff and the other class members the full meal period premium for work performed during

25 meal periods.

26      64.     During the relevant time period, Defendants failed to pay Plaintiff and the other

27 class members the full meal period premium due pursuant to California Labor Code section

28 226.7.

1    65.    Defendants' conduct violates applicable IWC Wage Order and California Labor

2    Code sections 226.7 and 512(a).

3    66.    Pursuant to applicable IWC Wage Order and California Labor Code section

4    226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one

5    additional hour of pay at the employee's regular rate of compensation for each work day that

6    the meal or rest period is not provided.

7    **THIRD CAUSE OF ACTION**

8    **(Violation of California Labor Code § 226.7)**

9    **(Against FIRST TRANSIT SERVICES, INC., FIRST TRANSIT, INC.,**

10    **FIRST GROUP AMERICA and DOES 1 through 100)**

11    67.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

12    through 66, and each and every part thereof with the same force and effect as though fully set

13    forth herein.

14    68.    At all times herein set forth, the applicable IWC Wage Order and California

15    Labor Code section 226.7 were applicable to Plaintiff's and the other class members'

16    employment by Defendants.

17    69.    At all relevant times, California Labor Code section 226.7 provides that no

18    employer shall require an employee to work during any rest period mandated by an applicable

19    order of the California IWC.

20    70.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

21    employer shall authorize and permit all employees to take rest periods, which insofar as

22    practicable shall be in the middle of each work period" and that the "rest period time shall be

23    based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

24    hours or major fraction thereof" unless the total daily work time is less than three and one-half

25    (3 ½) hours.

26    71.    During the relevant time period, Defendants required Plaintiff and other class

27    members to work four (4) or more hours without authorizing or permitting a ten (10) minute

28    rest period per each four (4) hour period worked.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

14

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

72.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

73.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

74.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

75.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against FIRST TRANSIT SERVICES, INC., FIRST TRANSIT, INC.,**

**FIRST GROUP AMERICA and DOES 1 through 100)**

76.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75, and each and every part thereof with the same force and effect as though fully set forth herein.

77.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

78.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

79.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance

1   of their minimum wage compensation as well as interest, costs, and attorney's fees, and

2   liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

3        80.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other class

4   members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each

5   employee minimum wages, and $250.00 for each subsequent failure to pay each employee

6   minimum wages.

7        81.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class

8   members are entitled to recover liquidated damages in an amount equal to the wages

9   unlawfully unpaid and interest thereon.

10                          **FIFTH CAUSE OF ACTION**

11                **(Violation of California Labor Code §§ 201 and 202)**

12          **(Against FIRST TRANSIT SERVICES, INC., FIRST TRANSIT, INC.,**

13                   **FIRST GROUP AMERICA and DOES 1 through 100)**

14        82.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

15   through 81, and each and every part thereof with the same force and effect as though fully set

16   forth herein.

17        83.    At all relevant times herein set forth, California Labor Code sections 201 and

18   202 provide that  if an employer discharges an employee, the wages earned and unpaid at the

19   time of discharge are due and payable immediately, and if an employee quits his or her

20   employment, his or her wages shall become due and payable not later than seventy-two (72)

21   hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her

22   intention to quit, in which case the employee is entitled to his or her wages at the time of

23   quitting.

24        84.    During the relevant time period, Defendants intentionally and willfully failed to

25   pay Plaintiff and the other class members who are no longer employed by Defendants their

26   wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

27        85.    Defendants' failure to pay Plaintiff and the other class members who are no

28   longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72)

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

16

1  hours of their leaving Defendants' employ, is in violation of California Labor Code sections
2  201 and 202.

3      86.    California Labor Code section 203 provides that if an employer willfully fails to
4  pay wages owed, in accordance with sections 201 and 202, then the wages of the employee
5  shall continue as a penalty from the due date thereof at the same rate until paid or until an
6  action is commenced; but the wages shall not continue for more than thirty (30) days.

7      87.    Plaintiff and the other class members are entitled to recover from Defendants the
8  statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum
9  pursuant to California Labor Code section 203.

**SIXTH CAUSE OF ACTION**

**(Violation of California Labor Code § 204)**

**(Against FIRST TRANSIT SERVICES, INC., FIRST TRANSIT, INC.,**

**FIRST GROUP AMERICA and DOES 1 through 100)**

14      88.    Plaintiff incorporates by reference the allegations contained in paragraphs 1
15  through 87, and each and every part thereof with the same force and effect as though fully set
16  forth herein.

17      89.    At all times herein set forth, California Labor Code section 204 provides that all
18  wages earned by any person in any employment between the 1st and 15th days, inclusive, of
19  any calendar month, other than those wages due upon termination of an employee, are due and
20  payable between the 16th and the 26th day of the month during which the labor was
21  performed.

22      90.    At all times herein set forth, California Labor Code section 204 provides that all
23  wages earned by any person in any employment between the 16th and the last day, inclusive,
24  of any calendar month, other than those wages due upon termination of an employee, are due
25  and payable between the 1st and the 10th day of the following month.

26      91.    At all times herein set forth, California Labor Code section 204 provides that all
27  wages earned for labor in excess of the normal work period shall be paid no later than the
28  payday for the next regular payroll period.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

17

92.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

93.     Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against FIRST TRANSIT SERVICES, INC., FIRST TRANSIT, INC., FIRST GROUP AMERICA and DOES 1 through 100)

94.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 93, and each and every part thereof with the same force and effect as though fully set forth herein.

95.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

96.     Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include,

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  but are not limited to: the failure to include the total number of hours worked by Plaintiff and

2  the other class members.

3      97.    As a result of Defendants' violation of California Labor Code section 226(a),

4  Plaintiff and the other class members have suffered injury and damage to their statutorily-

5  protected rights.

6      98.    More specifically, Plaintiff and the other class members have been injured by

7  Defendants' intentional and willful violation of California Labor Code section 226(a) because

8  they were denied both their legal right to receive, and their protected interest in receiving,

9  accurate and itemized wage statements pursuant to California Labor Code section 226(a).

10      99.    Plaintiff and the other class members are entitled to recover from Defendants the

11  greater of their actual damages caused by Defendants' failure to comply with California Labor

12  Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per

13  employee.

14      100.    Plaintiff and the other class members are also entitled to injunctive relief to

15  ensure compliance with this section, pursuant to California Labor Code section 226(h).

16  **EIGHTH CAUSE OF ACTION**

17  **(Violation of California Labor Code § 1174(d))**

18  **(Against FIRST TRANSIT SERVICES, INC., FIRST TRANSIT, INC.,**

19  **FIRST GROUP AMERICA and DOES 1 through 100)**

20      101.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

21  through 100, and each and every part thereof with the same force and effect as though fully set

22  forth herein.

23      102.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a

24  central location in the state or at the plants or establishments at which employees are

25  employed, payroll records showing the hours worked daily by and the wages paid to, and the

26  number of piece-rate units earned by and any applicable piece rate paid to, employees

27  employed at the respective plants or establishments. These records shall be kept in accordance

28  with rules established for this purpose by the commission, but in any case shall be kept on file

**LAWYERS _for_ JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

19

1  for not less than two years.

2      103.    Defendants have intentionally and willfully failed to keep accurate and complete

3  payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other

4  class members.

5      104.    As a result of Defendants' violation of California Labor Code section 1174(d),

6  Plaintiff and the other class members have suffered injury and damage to their statutorily-

7  protected rights.

8      105.    More specifically, Plaintiff and the other class members have been injured by

9  Defendants' intentional and willful violation of California Labor Code section 1174(d) because

10 they were denied both their legal right and protected interest, in having available, accurate and

11 complete payroll records pursuant to California Labor Code section 1174(d).

12                          **NINTH CAUSE OF ACTION**

13              **(Violation of California Labor Code §§ 2800 and 2802)**

14        **(Against FIRST TRANSIT SERVICES, INC., FIRST TRANSIT, INC.,**

15                  **FIRST GROUP AMERICA and DOES 1 through 100)**

16     106.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

17 through 105, and each and every part thereof with the same force and effect as though fully set

18 forth herein.

19     107.    Pursuant to California Labor Code sections 2800 and 2802, an employer must

20 reimburse its employee for all necessary expenditures incurred by the employee in direct

21 consequence of the discharge of his or her job duties or in direct consequence of his or her

22 obedience to the directions of the employer.

23     108.    Plaintiff and the other class members incurred necessary business-related

24 expenses and costs that were not fully reimbursed by Defendants.

25     109.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the

26 other class members for all necessary business-related expenses and costs.

27     110.    Plaintiff and the other class members are entitled to recover from Defendants

28 their business-related expenses and costs incurred during the course and scope of their

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

20

1  employment, plus interest accrued from the date on which the employee incurred the necessary

2  expenditures at the same rate as judgments in civil actions in the State of California.

3  **TENTH CAUSE OF ACTION**

4  **(Violation of California Business & Professions Code §§ 17200, et seq.)**

5  **(Against FIRST TRANSIT SERVICES, INC., FIRST TRANSIT, INC.,**

6  **FIRST GROUP AMERICA and DOES 1 through 100)**

7       111.   Plaintiff incorporates by reference the allegations contained in paragraphs 1

8  through 110, and each and every part thereof with the same force and effect as though fully set

9  forth herein.

10      112.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

11 unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants'

12 competitors.  Accordingly, Plaintiff seek to enforce important rights affecting the public

13 interest within the meaning of Code of Civil Procedure section 1021.5.

14      113.   Defendants' activities as alleged herein are violations of California law, and

15 constitute unlawful business acts and practices in violation of California Business &

16 Professions Code section 17200, et seq.

17      114.   A violation of California Business & Professions Code section 17200, et seq.

18 may be predicated on the violation of any state or federal law.  In this instant case, Defendants'

19 policies and practices of requiring employees, including Plaintiff and the other class members,

20 to work overtime without paying them proper compensation violate California Labor Code

21 sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring

22 employees, including Plaintiff and the other class members, to work through their meal and

23 rest periods without paying them proper compensation violate California Labor Code sections

24 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate

25 California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and

26 practices of failing to timely pay wages to Plaintiff and the other class members violate

27 California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor

28 Code sections 226(a), 1174(d), 2800 and 2802.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

21

115.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

116.    Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

117.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years preceding the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the Court may deem just and proper.

<b><u>As to the Second Cause of Action</u></b>

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(c);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the Court may deem just and proper.

<b><u>As to the Third Cause of Action</u></b>

17. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest

23

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  period was not provided;

2      19.    For all actual, consequential, and incidental losses and damages, according to

3  proof;

4      20.    For premium wages pursuant to California Labor Code section 226.7(c);

5      21.    For pre-judgment interest on any unpaid wages from the date such amounts

6  were due; and

7      22.    For such other and further relief as the Court may deem just and proper.

8                    **As to the Fourth Cause of Action**

9      23.    That the Court declare, adjudge and decree that Defendants violated California

10  Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to

11  Plaintiff and the other class members;

12      24.    For general unpaid wages and such general and special damages as may be

13  appropriate;

14      25.    For statutory wage penalties pursuant to California Labor Code section 1197.1

15  for Plaintiff and the other class members in the amount as may be established according to

16  proof at trial;

17      26.    For pre-judgment interest on any unpaid compensation from the date such

18  amounts were due;

19      27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

20  California Labor Code section 1194(a);

21      28.    For liquidated damages pursuant to California Labor Code section 1194.2; and

22      29.    For such other and further relief as the Court may deem just and proper.

23                    **As to the Fifth Cause of Action**

24      30.    That the Court declare, adjudge and decree that Defendants violated California

25  Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the

26  time of termination of the employment of Plaintiff and the other class members no longer

27  employed by Defendants;

28      31.    For all actual, consequential, and incidental losses and damages, according to

1  proof;

2      32.     For statutory wage penalties pursuant to California Labor Code section 203 for

3  Plaintiff and the other class members who have left Defendants' employ;

4      33.     For pre-judgment interest on any unpaid compensation from the date such

5  amounts were due; and

6      34.     For such other and further relief as the Court may deem just and proper.

7                        **As to the Sixth Cause of Action**

8      35.     That the Court declare, adjudge and decree that Defendants violated California

9  Labor Code section 204 by willfully failing to pay all compensation owed at the time required

10  by California Labor Code section 204 to Plaintiff and the other class members;

11      36.     For all actual, consequential, and incidental losses and damages, according to

12  proof;

13      37.     For pre-judgment interest on any unpaid compensation from the date such

14  amounts were due; and

15      38.     For such other and further relief as the Court may deem just and proper.

16                        **As to the Seventh Cause of Action**

17      39.     That the Court declare, adjudge and decree that Defendants violated the record

18  keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

19  as to Plaintiff and the other class members, and willfully failed to provide accurate itemized

20  wage statements thereto;

21      40.     For actual, consequential and incidental losses and damages, according to proof;

22      41.     For statutory penalties pursuant to California Labor Code section 226(e);

23      42.     For injunctive relief to ensure compliance with this section, pursuant to

24  California Labor Code section 226(h); and

25      43.     For such other and further relief as the Court may deem just and proper.

26                        **As to the Eighth Cause of Action**

27      44.     That the Court declare, adjudge and decree that Defendants violated California

28  Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   for Plaintiff and the other class members as required by California Labor Code section

2   1174(d);

3         45.    For actual, consequential and incidental losses and damages, according to proof;

4         46.    For statutory penalties pursuant to California Labor Code section 1174.5; and

5         47.    For such other and further relief as the Court may deem just and proper.

6   **As to the Ninth Cause of Action**

7         48.    That the Court declare, adjudge and decree that Defendants violated California

8   Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other

9   class members for all necessary business-related expenses as required by California Labor

10   Code sections 2800 and 2802;

11         49.    For actual, consequential and incidental losses and damages, according to proof;

12         50.    For the imposition of civil penalties and/or statutory penalties;

13         51.    For reasonable attorneys' fees and costs of suit incurred herein; and

14         52.    For such other and further relief as the Court may deem just and proper.

15   **As to the Tenth Cause of Action**

16         53.    That the Court decree, adjudge and decree that Defendants violated California

17   Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the

18   other class members all overtime compensation due to them, failing to provide all meal and

19   rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to

20   Plaintiff and the other class members, failing to pay Plaintiff's and the other class members'

21   wages timely as required by California Labor Code section 201, 202 and 204 and by violating

22   California Labor Code sections 226(a), 1174(d), 2800 and 2802.

23         54.    For restitution of unpaid wages to Plaintiff and all the other class members and

24   all pre-judgment interest from the day such amounts were due and payable;

25         55.    For the appointment of a receiver to receive, manage and distribute any and all

26   funds disgorged from Defendants and determined to have been wrongfully acquired by

27   Defendants as a result of violation of California Business and Professions Code sections

28   17200, et seq.;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    56.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

2    California Code of Civil Procedure section 1021.5;

3    57.    For injunctive relief to ensure compliance with this section, pursuant to

4    California Business and Professions Code sections 17200, et seq.; and

5    58.    For such other and further relief as the Court may deem just and proper.

6    Dated: February 23, 2021                    **LAWYERS *for* JUSTICE, PC**

7

8                                         By: _____

9                                              Edwin Aiwazian
                                               *Attorneys for* Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

27

# EXHIBIT B

Electronically Filed by Superior Court of California, County of Orange, 02/24/2021 10:15:07 AM.
30-2021-01185526-CU-OE-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
| --- | --- |
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FIRST TRANSIT SERVICES, INC, an unknown business entity;
"Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MASSOUD AZIMIHASHEMI, individually, and on behalf of other
members of the general public similarly situated;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
| --- | --- |
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of the State of California | CASE NUMBER: *(Número del Caso)* 30-2021-01185526-CU-OE-CXC |
| County of Orange-Civil Complex Center | |
| 751 West Santa Ana Boulevard, Santa Ana, California 92701 | Judge Glenda Sanders |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawyers for Justice, PC, Edwin Aiwazian, 410 Arden Ave., Suite 203, Glendale, CA 91203;Tel (818)265-1020

| | DAVID H. YAMASAKI, Clerk of the Court | | |
| --- | --- | --- | --- |
| DATE: 02/24/2021 *(Fecha)* | | Clerk, by *(Secretario)* Georgina Ramirez | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* First Transit Services, Inc

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
| --- | --- | --- |
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

SUM-200(A)

| SHORT TITLE:<br>Azimihashemi vs. First Transit Services, Inc., et al. | CASE NUMBER:<br>30-2021-01185526-CU-OE-CXC |
| --- | --- |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

FIRST TRANSIT, INC., an unknown business entity; FIRST GROUP AMERICA, an unknown business entity; and DOES 1 through 100, inclusive,

Page 1 of 1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically Filed by Superior Court of California, County of Orange, 02/24/2021 10:15:07 AM.
30-2021-01185526-CU-OE-CXC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Edwin Aiwazian (SBN 232943)<br>LAWYERS for JUSTICE, PC<br>410 Arden Avenue, Suite 203<br>Glendale, California 91203<br>TELEPHONE NO.: (818) 265-1020    FAX NO.: (818) 265-1021<br>ATTORNEY FOR *(Name):* Plaintiff Massoud Azimihashemi | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Azimihashemi vs. First Transit Services, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2021-01185526-CU-OE-CXC |
| | | | | JUDGE:  Judge Glenda Sanders |
| | | | | DEPT:  CX-101 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive

4. Number of causes of action *(specify):* Ten

5. This case ☑ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 23, 2021
Edwin Aiwazian
_____          _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Azimihashemi vs. First Transit Services, Inc, an unknown business entity;

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2021-01185526-CU-OE-CXC** |
|---|---|

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 04/15/21, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on April 15, 2021, at 3:27:13 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

LAWYERS FOR JUSTICE, PC
SS@CALLJUSTICE.COM


Clerk of the Court, by: _____, Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 04/15/2021                    TIME: 03:19:00 PM          DEPT: CX101

JUDICIAL OFFICER PRESIDING: Glenda Sanders
CLERK: Larry S Brown
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2021-01185526-CU-OE-CXC**   CASE INIT.DATE: 02/24/2021
CASE TITLE: **Azimihashemi vs. First Transit Services, Inc, an unknown business
entity;**
CASE CATEGORY: Civil - Unlimited          CASE TYPE: Other employment

---

EVENT ID/DOCUMENT ID: 73510862
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule
of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to
dispose of this case will exceed twenty-four months due to the following case evaluation factors of
California Rules of Court, rules 3.715 and 3.400: Case is Complex.

Each party who has not paid the Complex fee of $1,000.00 as required by Government Code section
70616 shall pay the fee to the Clerk of the Court within ten calendar days from date of this minute order.
Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of
responsive pleadings and entry of default.

The Status Conference is scheduled for **07/21/2021** at 01:30 PM in Department CX101.

All counsel are ordered to appear remotely via Courtcall or Courtcall video. If any party retains a court
reporter, the reporter will be required to record the proceedings remotely.

IMPORTANT: Prior to the hearing date, the parties should check the Court's website for the most current
instructions regarding how to appear for their hearing and to access services that are available to answer
their questions. www.occourts.org/media-relations/CoronaVirusUpdate.html

Plaintiff shall, at least five court days before the hearing, file with the Court and serve on all parties of
record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions
of the parties and any special considerations of which the Court should be aware. Other parties who think
it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the
CMC (Case Management Statement) form used for non-complex cases (Judicial Council Form CM-110) .

---

CASE TITLE: Azimihashemi vs. First Transit Services,    CASE        NO:
Inc, an unknown business entity;           **30-2021-01185526-CU-OE-CXC**

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352 <u>and mandatory electronic service by order of this Court</u>. Plaintiff shall give notice of the Status Conference and the electronic filing and service requirement to all parties of record or known to plaintiff and shall attach a copy of this minute order.

All **proposed orders** (including those submitted pursuant to stipulation) must be submitted in 2 electronic formats. One copy is to be filed in Word (without attachments), and another copy in.pdf format with all attachments/exhibits attached to it. Failure to follow this rule may result in the proposed order not being brought to the attention of the Court in a timely fashion. Ensure that the proposed order is identified as a "Proposed Order".

Additional departmental information may be obtained by visiting the Court's website at:

CIVIL COMPLEX GUIDELINES –
 http://www.occourts.org/directory/civil/complex-civil/department-guidelines.pdf

Complex Civil Courtroom Schedule - GUIDELINES FOR CX101–
http://www.occourts.org/directory/civil/complex-civil/calendar-schedule/guidelines_CX101.html

CIVIL TENTATIVE RULINGS –
http://www.occourts.org/directory/civil/tentative-rulings/

Clerk to give notice to Plaintiff and Plaintiff to give notice to all other parties.

# EXHIBIT C

Electronically Filed by Superior Court of California, County of Orange, 04/23/2021 01:58:00 PM.
30-2021-01185526-CU-OE-CXC - ROA # 12 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.
Case 8:21-cv-00850-DOC-KES Document 1 Filed 04/26/21 Page 58 of 72 Page ID #:58

David J. Dow, Bar No. 179407
ddow@littler.com
Jocelyn D. Hannah, Bar No. 224666
jhannah@littler.com
LITTLER MENDELSON P.C.
501 W. Broadway
Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Attorneys for Defendant
FIRST TRANSIT INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

MASSOUD AZIMIHASHEMI, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

v.

FIRST TRANSIT SERVICES, INC., an unknown business entity; FIRST TRANSIT INC., an unknown business entity; FIRST GROUP AMERICA, an unknown business entity; and DOES 1 through 100, inclusive,

Defendants.

Case No. 30-2021-01185526-CU-OE-CXC

**ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT**

ROA# 2

ASSIGNED FOR ALL PURPOSES TO JUDGE Hon. Glenda Sanders, Dept. CX-101

Dept: CX-101

Defendant FIRST TRANSIT, INC. ("Defendant") hereby answers the Class Action Complaint ("Complaint") filed by Plaintiff MASSOUD AZIMIHASHEMI ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, all material allegations contained in each and every cause of action of the Complaint. In addition, Defendant further denies that Plaintiff has been damaged or has sustained or will sustain any loss or damage in any manner or amount whatsoever as a result of any act or omission on the part of Defendant.

## AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses to the Complaint and each claim therein.  By asserting the defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below.  Defendant does not presently know all of the factors concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendant will seek leave of court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's state law claims are preempted in whole or in part by federal law, including, but not limited to, Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members have failed to exercise reasonable care to mitigate their damages, if any, and that if it is determined that they have the right to any recovery against Defendant, such recovery should be reduced and/or eliminated by such failure.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to allege special damages with requisite specificity.

## FIFTHAFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by his own, and putative class members', breach of duties owed to Defendant under California Labor Code §§ 2856 and 2859.

LITTLER MENDELSON P.C.
Attorneys at Law
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

2

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAI

1                              **SIXTH AFFIRMATIVE DEFENSE**

2         As a separate and distinct affirmative defense, Defendant alleges that if either Plaintiff or

3 any putative class member "worked" hours for which compensation was not paid, Defendant had

4 no knowledge, or reason to know, of such "work" and such "work" was undertaken without the

5 consent or permission of Defendant.

6                           **SEVENTH AFFIRMATIVE DEFENSE**

7         As a separate and distinct affirmative defense, Defendant alleges that any time either

8 Plaintiff or the individuals he seeks to represent spent on work-related activities for which

9 compensation was otherwise due but was not paid was *de minimus* such that no compensation is

10 owed.

11                             **EIGHTH AFFIRMATIVE DEFENSE**

12         As a separate and distinct affirmative defense, Defendant alleges that all or portions of the

13 claims set forth in the Complaint are barred by the applicable statutes of limitations, including, but

14 not limited to, California Code of Civil Procedure §§ 338(a), 339, 340(a), California Business and

15 Professions Code § 17208, and any other applicable statute of limitations.

16                             **NINTH AFFIRMATIVE DEFENSE**

17         As a separate and distinct affirmative defense, Defendant alleges that all or portions of

18 Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands,

19 and/or estoppel, including to the extent that Plaintiff and/or putative class members failed to comply

20 with Defendant's policies and procedures relating to meal and rest periods, recording of time

21 worked or other employment-related policies relating to the allegations in the Complaint.

22                             **TENTH AFFIRMATIVE DEFENSE**

23         As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and

24 each purported cause of action alleged therein, should be abated in the Court's discretion, and

25 Plaintiff and the putative class should be required to pursue their administrative remedies with the

26 California Division of Labor Standards Enforcement, which has primary jurisdiction over their

27 claims.

28

LITTLER MENDELSON P.C.
Attorneys at Law
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

3

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAI

1

**ELEVENTH AFFIRMATIVE DEFENSE**

2      As a separate and distinct affirmative defense, Defendant alleges that the alleged injuries to

3  Plaintiff and the putative class members were not proximately caused by any unlawful policy,

4  custom, practice, and/or procedure promulgated and/or tolerated by Defendant.

5

**TWELFTH AFFIRMATIVE DEFENSE**

6      As a separate and distinct affirmative defense, Defendant alleges that any loss or damage

7  sustained by Plaintiff and the putative class members, if any, were caused by the acts or omissions

8  of Plaintiff and the putative class, or persons other than Defendant.

9

**THIRTEENTH AFFIRMATIVE DEFENSE**

10      As a separate and distinct affirmative defense, Defendant alleges that any unlawful or other

11  wrongful acts of any person(s) employed by Defendant were outside of the scope of his or her

12  authority and such act(s), if any, were not authorized, ratified, or condoned by Defendant, nor did

13  Defendant know or have reason to be aware of such alleged conduct.

14

**FOURTEENTH AFFIRMATIVE DEFENSE**

15      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and

16  each purported claim contained therein, is barred to the extent Plaintiff and the putative class

17  members, by their acts, conduct, and omissions, expressly or impliedly waived whatever rights they

18  may have had to meal and rest breaks or misled Defendant regarding their meal and rest breaks.

19

**FIFTEENTH AFFIRMATIVE DEFENSE**

20      As a separate and distinct affirmative defense, Defendant alleges that each purported cause

21  of action in the Complaint, or some of the causes of action, are barred, or recovery should be

22  reduced, pursuant to the doctrine of avoidable consequences.

23

**SIXTEENTH AFFIRMATIVE DEFENSE**

24      As a separate and distinct affirmative defense, Defendant alleges that the claims alleged by

25  Plaintiff are barred because, without admitting that Defendant owed any duties or obligations to

26  Plaintiff and the putative class members, such duties or obligations have been fully performed,

27  satisfied or discharged.

28

LITTLER MENDELSON P.C.
Attorneys at Law
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

4

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAI

1

**SEVENTEENTH AFFIRMATIVE DEFENSE**

2        As a separate and distinct affirmative defense, Defendant alleges that the principles of

3 fairness and equity operate to bar the imposition of penalties under California Labor Code § 226.

4

**EIGHTEENTH AFFIRMATIVE DEFENSE**

5        As a separate and distinct affirmative defense, Defendant alleges that the Complaint and

6 each cause of action set forth therein cannot be maintained because, without admitting that any

7 violation took place, Defendant alleges that any violation of the California Labor Code, or of a

8 Wage Order of the Industrial Welfare Commission, was an act or omission made in good faith, and

9 that in any participation in such acts, Defendant had reasonable grounds for believing that the act

10 or omission was not a violation of the California Labor Code, or any Wage Order of the Industrial

11 Welfare Commission.

12

**NINETEENTH AFFIRMATIVE DEFENSE**

13        As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo*,

14 that Plaintiff and the putative class members are entitled to additional compensation, Defendant has

15 not willfully or intentionally failed to pay any such additional compensation to Plaintiff and the

16 putative class members to justify any awards of penalties, fees, or liquidated damages.

17

**TWENTIETH AFFIRMATIVE DEFENSE**

18        As a separate and distinct affirmative defense, Defendant alleges that the Complaint and

19 each cause of action set forth therein are barred because Plaintiff and the putative class failed to

20 timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual

21 remedies available to them, including under any applicable collective bargaining agreement, prior

22 to commencing this action.

23

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

24        As a separate and distinct affirmative defense, Defendant alleges that its business actions or

25 practices were not unfair, unlawful, fraudulent, or deceptive within the meaning of California

26 Business and Professions Code § 17200 *et seq.*

27 / / /

28 / / /

LITTLER MENDELSON P.C.
Attorneys at Law
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

5

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAI

1

### TWENTY-SECOND AFFIRMATIVE DEFENSE

2       As a separate and distinct affirmative defense to the Complaint and to the cause of action

3   therein for alleged violation of California Business and Professions Code § 17200 *et seq.*, Plaintiff's

4   claims (and those of the putative class) are barred because California Business and Professions

5   Code § 17200 *et seq.* is unconstitutionally vague and overbroad and the manner in which Plaintiff

6   alleges that said statutes apply to Defendant's business practices constitutes a violation of

7   Defendant's rights to substantive and procedural due process rights under the Fourteenth

8   Amendment of the United States Constitution and under the California Constitution.

9

### TWENTY-THIRD AFFIRMATIVE DEFENSE

10      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the

11  putative class are barred from obtaining relief pursuant to their cause of action for violation of

12  California Business and Professions Code § 17200 *et seq.* because California law does not permit

13  representative actions where liability can only be determined through fact-intensive individualized

14  assessments of alleged wage and hour violations.

15

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

16      As a separate and distinct affirmative defense, Defendant alleges that this suit may not be

17  properly maintained as a class action because: (a) Plaintiff has failed to plead and cannot establish

18  the necessary procedural elements for class treatment; (b) a class action is not an appropriate

19  method for the fair and efficient adjudication of the claims described in the Complaint; (c) common

20  issues of fact or law do not predominate; to the contrary, individual issues predominate; (d) the

21  named Plaintiff's claims are not representative or typical of the claims of the putative class

22  members; (e) the named Plaintiff cannot fairly and adequately represent the interests of the putative

23  class members; (f) the named Plaintiff and alleged putative class counsel are not adequate

24  representatives for the putative class members; and/or (g) there is not a well-defined community of

25  interest in the questions of law or fact affecting Plaintiff and the putative class members.

26  / / /

27  / / /

28  / / /

LITTLER MENDELSON P.C.
Attorneys at Law
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

6

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAI

1

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2    As a separate and distinct affirmative defense, Defendant alleges that this suit may not be
3 properly maintained as a class action because a class action is not an appropriate method for the
4 fair and efficient adjudication of the claims described in the Complaint.

5

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

6    As a separate and distinct affirmative defense, Defendant opposes class certification and
7 disputes the propriety of class treatment.  If the Court certifies a class in this case over Defendant's
8 objections, then Defendant asserts the affirmative defenses set forth herein against each and every
9 member of the certified class.

10

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

11    As a separate and distinct affirmative defense, Defendant alleges that the adjudication of
12 the claims of the putative class through generalized class-wide proof violates Defendant's due
13 process rights and right to trial by jury guaranteed by the United States Constitution and California
14 Constitution.

15

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

16    As a separate and distinct affirmative defense, Defendant alleges that the prayer for
17 restitution and declaratory relief is barred with respect to any and all alleged violations of California
18 Business and Professions Code § 17200 *et seq.* that have discontinued, ceased, and are not likely
19 to recur.

20

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

21    As a separate and distinct affirmative defense, Defendant alleges that it is entitled to an
22 offset against any relief due Plaintiff and/or those persons he seeks to represent, based upon their
23 respective wrongful conduct and/or monies owed to Defendant, including, but not limited to, any
24 overpayments made to Plaintiff and/or those persons he seeks to represent and any contractual
25 damages and/or indemnity owed by Plaintiff and/or those persons he seeks to represent as the result
26 of their failure to perform their contractual obligations or overpayment for hours worked.

27 / / /

28 / / /

LITTLER MENDELSON P.C.
Attorneys at Law
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

7

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAI

### THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges on information and belief that the Complaint is or may be barred and/or relief is or may be limited due to after-acquired evidence.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members consented to, encouraged, or voluntarily participated in all actions taken, if any.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the claims for penalties, including waiting time penalties under California Labor Code § 203, are barred because: (1) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owed, pursuant to California Labor Code §§ 201, 202 and 203; (2) Defendant has not intentionally or willfully failed to pay such additional compensation; and (3) to impose penalties in this action would be inequitable and unjust.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or any of the other putative class members sustained no injury, as defined in California Labor Code § 226(e)(2), from any alleged failure to provide wage statements in conformity with California Labor Code § 226(a) or from any other alleged violation of the California Labor Code.

LITTLER MENDELSON P.C.
Attorneys at Law
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

8

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAI

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any alleged failure to provide Plaintiff and/or any of the other putative class members with wage statements in conformity with California Labor Code § 226(a), to pay Plaintiff or any of them, timely and properly, or any other alleged violation of the California Labor Code was not knowing, intentional or willful.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred because even assuming *arguendo* that Plaintiff and/or any of the other putative class members were subjected to inadequate meal rest breaks, any allegedly short meal or rest breaks are *de minimis*.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported claim contained therein, is barred to the extent Plaintiff and the individuals he seeks to represent, by their acts, conduct, and omissions, expressly or impliedly waived whatever rights they may have had against Defendant or misled Defendant regarding hours worked.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's meal period claims, as well as those of the putative class members, are barred, in whole or in part, on the grounds that Plaintiff and the putative class members are exempt from the requirements of the applicable Wage Order(s) and provisions of the California Code of Regulations and California Labor Code, pursuant to California Labor Code § 512(e)-(g).

**FORTIETH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any purported failure of Plaintiff or other putative class members to record all hours of work or to take meal and/or rest periods was the result of their exercise of discretion, independent judgment, and self-determination.

/ / /

/ / /

/ / /

LITTLER MENDELSON P.C.
Attorneys at Law
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

9

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAI

1

## FORTY-FIRST AFFIRMATIVE DEFENSE

2      As a separate and distinct affirmative defense, Defendant alleges that any damages suffered

3  were the result of failure by Plaintiff and/or the putative class members to comply with the

4  reasonable expectations and/or follow reasonable instructions and/or policies.

5

## FORTY-SECOND AFFIRMATIVE DEFENSE

6      As a separate and distinct affirmative defense, Defendant alleges that the claims alleged by

7  Plaintiff are barred because, without admitting that Defendant owed any duties or obligations to

8  Plaintiff and the individuals he seeks to represent, such duties or obligations have been fully

9  performed, satisfied, or discharged by, *inter alia,* providing meal periods, authorizing and

10  permitting  rest breaks, timely paying for time worked, including overtime.

11

## FORTY-THIRD AFFIRMATIVE DEFENSE

12      As a separate and distinct affirmative defense, Defendant alleges that even if Defendant

13  failed to provide Plaintiff and/or members of the putative class with accurate itemized wage

14  statements, which Defendant denies, Plaintiff and the putative class did not suffer injury as a result

15  of such failure and so lack standing to assert a claim under California Labor Code § 226.

16

## FORTY-FOURTH AFFIRMATIVE DEFENSE

17      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for

18  wages is barred, in whole or in part, because Defendant never authorized Plaintiff and/or the

19  putative class members and/or aggrieved employees to work off-the-clock.

20

## FORTY-FIFTH AFFIRMATIVE DEFENSE

21      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and

22  each and every cause of action alleged therein are barred, in whole or in part, under the doctrines

23  of *res judicata* and/or collateral estoppel based on prior settlements, waivers, releases, and/or

24  judgments.

25

## FORTY-SIXTH AFFIRMATIVE DEFENSE

26      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims, and

27  those of the putative class members, for unpaid overtime are barred, in whole or in part, because

28

LITTLER MENDELSON P.C.
Attorneys at Law
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

10

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAI

Plaintiff and the putative class members were exempt from overtime pursuant to California Labor Code § 514 and Sections 3(H) and 3(L) of Wage Order 9.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each claim or cause of action set forth therein for penalties including, but not limited to, penalties under California Labor Code §§ 201-203, 204, 223, 226.7, 510, 512, 1194, 1194.2, 1197, 1197.1, and 1198, are barred, or any penalties awarded must be minimized, because: (1) there are *bona fide* disputes as to whether further compensation is due to Plaintiff and some or all of the persons they seek to represent and, if so, as to the amount of such further compensation; (2) Defendant did not willfully fail to pay such additional compensation, if any is owed; and (3) to impose waiting time penalties, penalties under California Labor Code § 226 or on any other basis would be inequitable and unjust.

### ADDITIONAL DEFENSES

Defendant does not presently know all facts respecting conduct by Plaintiff sufficient to state all affirmative defenses at this time. Accordingly, Defendant reserves the right to amend this answer should they later discover facts demonstrating the existence of additional affirmative defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1.      The Complaint be dismissed in its entirety, with prejudice, and that Plaintiff take nothing by way of his Complaint;

2.      Judgment be entered against Plaintiff and in favor of Defendant on each cause of action in the Complaint;

3.      Defendant be awarded its costs of suit and reasonable attorneys' fees incurred herein to the extent permitted under applicable law; and

/ / /

/ / /

/ / /

LITTLER MENDELSON P.C.
Attorneys at Law
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

11

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAI

1
2
    4.    The Court award Defendant such other and further relied as it deems appropriate.

3   Dated: April 23, 2021

4   Respectfully submitted,

5   LITTLER MENDELSON P.C.

6

7   David J. Dow
    Jocelyn D. Hannah

8   Attorneys for Defendant
    FIRST TRANSIT, INC.

9

10  4847-5044-8102.1 / 070993-1182

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON P.C.
Attorneys at Law
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

12

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAI

Electronically Filed by Superior Court of California, County of Orange, 04/23/2021 01:58:00 PM.
30-2021-01185526-CU-OE-CXC - ROA # 15 - DAVID H. YAMASAKI, Clerk of the Court By Marion Hernandez, Deputy Clerk.

**POS-050/EFS-050**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO 179407; 224666<br>NAME: David J. Dow, Jocelyn D. Hannah<br>FIRM NAME: LITTLER MENDELSON, P.C.<br>STREET ADDRESS: 501 W. Broadway, Suite 900<br>CITY: San Diego      STATE: CA    ZIP CODE: 92101<br>TELEPHONE NO.: (619) 232-0441    FAX NO.: (619) 232-4302<br>E-MAIL ADDRESS: Atodd-gher@littler.com; dtrannguyen@littler.com<br>ATTORNEY FOR *(name)*: FIRST TRANSIT, INC. | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE

STREET ADDRESS:
MAILING ADDRESS: 751 West Santa Ana Blvd.
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER: Massoud Azimihashemi, et. Al.

DEFENDANT/RESPONDENT: First Transit Services, Inc., et al.

| | |
|---|---|
| **PROOF OF ELECTRONIC SERVICE** | CASE NUMBER:<br>30-2021-01185526-CU-OE-CXC |
| | JUDICIAL OFFICER:<br>Hon. Glenda Sanders |
| | DEPARTMENT:<br>CX-101 |

1. I am at least 18 years old.

     a. My residence or business address is *(specify)*:
501 W. Broadway, Suite 900, San Diego, CA 92101-3577

     b. My electronic service address is *(specify)*:
lchristy@littler.com

2. I electronically served the following documents *(exact titles)*:
ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

     ☒   The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:
     a. Name of person served: Edwin Aiwazian, Esq.

         On behalf of *(name or names of parties represented, if person served is an attorney)*:

     b. Electronic service address of person served *:
edwin@calljustice.com

     c. On *(date)*: April 23, 2021

     ☒   The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
         *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: April 23, 2021

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Lori Christy                     ► *Lori Christy*

_____        _____
     (TYPE OR PRINT NAME OF DECLARANT)              (SIGNATURE OF DECLARANT)

Page 1 of 3

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

American LegalNet, Inc.
www.FormsWorkFlow.com

**POS-050(D)/EFS-050(D)**

| CASE NAME: Massoud Azimihashemi v. First Transit Services, et al. | CASE NUMBER: 30-2021-01185526-CU-OE-CXC |
|---|---|

## ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (DOCUMENTS SERVED)

*(This attachment is for use with form POS-050/EFS-050.)*

**The documents that were served are as follows** *(describe each document specifically):*

> **ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Form Approved for Optional Use
Judicial Council of California
POS-050(D)/EFS-050(D)
[New January 1, 2010]

**ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (DOCUMENTS SERVED)**
**(Proof of Service/Electronic Filing and Service)**

Page 2 of 3


American LegalNet, Inc.
www.FormsWorkFlow.com

**POS-050(P)/EFS-050(P)**

| SHORT TITLE:<br>Massoud Azimihashemi v. First Transit Services, et al. | CASE NUMBER:<br>30-2021-01185526-CU-OE-CXC |
|---|---|

## ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)
*(This attachment is for use with form POS-050/EFS-050.)*
**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

**<u>Name of Person Served</u>**
*(If the person served is an attorney, the party or parties represented should also be stated.)*

**<u>Electronic Service Address</u>**

**<u>Date of Electronic Service</u>**

| Name of Person Served | Electronic Service Address | Date of Electronic Service |
|---|---|---|
| Edwin Aiwazian, Esq.<br>Lawyers for Justice, PC<br>410 West Arden Ave., Ste. 203<br>Glendale, CA  91203<br><br>Attorneys for Plaintiff<br>Massoud Azimihashemi | edwin@calljustice.com | Date: April 23, 2021 |
|  |  | Date: |
|  |  | Date: |
|  |  | Date: |
|  |  | Date: |
|  |  | Date: |
|  |  | Date: |
|  |  | Date: |
|  |  | Date: |
|  |  | Date: |
|  |  | Date: |

Form Approved for Optional Use
Judicial Council of California
POS-050(P)/EFS-050(P)
[Rev. February 1, 2017]

**ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)**
**(Proof of Service/Electronic Filing and Service)]**

Page 3 of 3


American LegalNet, Inc.
www.FormsWorkFlow.com