# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASSOUD AZIMIHASHEMI, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST TRANSIT SERVICES, INC., an unknown business entity; FIRST TRANSIT, INC., an unknown business entity; FIRST GROUP AMERICA, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 8:21-cv-00780-JWH-JDEx<br><br>**ORDER DENYING PLANTIFF'S MOTION TO REMAND [ECF No. 9]** |

Before the Court is the motion of Plaintiff Massoud Azimihashemi to remand this action to the Orange County Superior Court.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **DENIED**, as set forth herein.

## I. BACKGROUND

### A. Procedural Background

On February 24, 2021, Azimihashemi filed this action in the Superior Court of California for the County of Orange, asserting 10 causes of action under various California labor statues.[3] Defendant First Transit, Inc. ("First Transit") removed the action to this Court on April 26, 2021, under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA").[4] Azimihashemi moved to remand on May 26, 2021.[5] First Transit opposed the Motion and filed supporting documents on June 11, 2021.[6] Azimihashemi replied in support of his Motion on June 18, 2021.[7] The matter now stands submitted.

### B. Factual Allegations

Azimihashemi makes the following factual allegations:

---

[1] Pl.'s Mot. to Remand (the "Motion") [ECF No. 9].
[2] The Court considered the following papers: (1) Compl. (the "Complaint") [ECF No. 1-1]; (2) the Motion (including its attachments); (3) Def's Opp'n to Pl.'s Mot. to Remand (the "Opposition") [ECF No. 14]; and (4) Pl.'s Reply in Supp. of Pl.'s Mot. to Remand (the "Reply") [ECF No. 17].
[3] *See generally* Complaint.
[4] Def.'s Notice of Removal (the "Notice of Removal") [ECF No. 1].
[5] *See generally* Motion.
[6] *See generally* Opposition; Decl. of David J. Dow and Ex. A, Decl. of Tara E. Blessing (the "Blessing Declaration") [ECF Nos. 14-1 & 14-2].
[7] *See generally* Reply.

First Transit and Defendants First Transit Services, Inc.[8] and FirstGroup America ("FirstGroup") (collectively, "Defendants") employed Azimihashemi, a California resident, as an hourly-paid, non-exempt employee from December 2019 to March 2020.[9]

Azimihashemi seeks to represent a proposed class defined as follows:

> **Class:** All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of the Complaint to final judgment and who reside in California.
>
> **Subclass A:** All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of the Complaint to final judgment who were subject to Defendants' practice of rounding time recorded for compensation of regular/overtime wages and who reside in California.
>
> **Subclass B:** All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of the Complaint to final judgment who were required by Defendants to stay on Defendants' premises for rest breaks and who reside in California.
>
> **Subclass C:** All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of the Complaint to final judgment who received overtime

---

[8] First Transit asserts in its Notice of Removal that there is no entity called "First Transit Services, Inc." Notice of Removal ¶ 27.
[9] Complaint ¶¶ 5-7 & 18.

compensation at a rate lower than their respective regular rate of pay because Defendants failed to include all non-discretionary bonuses or other incentive-based compensation in the calculation of the regular rate of pay for overtime pay purposes and who reside in California.[10]

Azimihashemi does not know the number of class members, but he estimates it to be greater than 50 individuals.[11]

Defendants failed to compensate Azimihashemi and other proposed class members (collectively, "Plaintiffs") for all hours worked and missed meal and rest periods.[12] Plaintiffs worked for Defendants over eight hours a day and/or 40 hours a week.[13] Defendants did not pay Plaintiffs minimum wage for all hours worked.[14] Defendants did not provide Plaintiffs with complete and accurate wage statements.[15] Defendants did not keep complete and accurate payroll records.[16] Defendants failed to pay Plaintiffs all wages owed to them upon their respective discharges or resignations.[17] Defendants failed to reimburse Plaintiffs for all necessary business-related expenses and costs.[18] Defendants failed to pay Plaintiffs promptly.[19]

First Transit asserted in its Notice of Removal that removal under CAFA was justified because the proposed class has over 100 members; First Transit

---

[10] *Id.* ¶ 13.
[11] *Id.* ¶ 15.
[12] *Id.* ¶ 19.
[13] *Id.* ¶ 24.
[14] *Id.* ¶ 30.
[15] *Id.* ¶ 33.
[16] *Id.* ¶ 34.
[17] *Id.* ¶ 40.
[18] *Id.* ¶ 44.
[19] *Id.* ¶ 92.

and FirstGroup are both citizens of both Delaware and Ohio; and the amount in controversy exceeds $5,000,000.[20]

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a); *see Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) (internal quotation marks omitted).

To remove an action to federal court under 28 U.S.C. § 1441(a), the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." (quotation marks omitted)).

---

[20] Notice of Removal ¶¶ 13-15, 21, 22, 25, & 30-55.

-5-

# III. DISCUSSION

First Transit removed this action to this Court pursuant to 28 U.S.C. § 1441, asserting jurisdiction under CAFA. Thus, First Transit bears the burden of establishing that this Court has original subject matter jurisdiction over this action.

## A. Legal Standard Under CAFA

Under CAFA, the Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" there is minimal diversity. 28 U.S.C. § 1332(d)(2). To remove a case to federal court under CAFA, a defendant must demonstrate that the amount in controversy exceeds $5 million, exclusive of interest and costs. *Id.* The general rule is that a removing defendant's well-pleaded amount in controversy allegations "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87; *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (in evaluating the amount in controversy, the court first looks to the complaint).

However, where, as here, the plaintiff challenges the removing defendant's jurisdictional allegation, under 28 U.S.C. § 1446(c)(2)(B), "removal . . . is proper on the basis of an amount in controversy asserted" by the defendant only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. *Dart Cherokee*, 574 U.S. at 88. "In such a case, **both sides** submit proof and the court decides . . . whether the amount-in-controversy requirement has been satisfied." *Id* (emphasis added). The preponderance of the evidence standard means that the "defendant must provide evidence establishing that it is **'more likely than not'** that the amount in controversy" meets or exceeds the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.

1996) (emphasis added). The defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. *Gaus*, 980 F.2d at 567. In addition to the contents of the notice of removal, the Court may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Ibarra*, 775 F.3d at 1197; *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). There is no presumption against removal jurisdiction in CAFA cases. *Dart Cherokee*, 574 U.S. at 89.

Here, as a threshold matter, Azimihashemi does not dispute that minimal diversity exists, as required by CAFA.[21] *See* 28 U.S.C. § 1332(d)(2). The only jurisdictional dispute concerns to the amount-in-controversy requirement under CAFA.[22]

**B.      Amount in Controversy**

In its Notice of Removal, First Transit asserts that the amount in controversy in this case exceeds $5 million. Azimihashemi alleges that First Transit improperly denied Plaintiffs "all requisite uninterrupted meal and rest periods."[23] The penalty for each missed period is one hour of wages.[24] First Transit analyzed the pay data of 5,780 employees employed during the class period; when multiplied by the length of the class period and the average hourly pay, the penalty for the second and third causes of action alone exceeds $5 million.[25] In its Opposition, First Transit supported these figures with a declaration by its payroll director, Tara Blessing.[26]

---

[21]  *See generally* Motion (no discussion of diversity).
[22]  *Id.* at 2:2-4.
[23]  Complaint ¶ 38.
[24]  Notice of Removal ¶ 36.
[25]  Notice of Removal ¶ 38-39.
[26]  Blessing Declaration ¶ 3.

Azimihashemi argues that the Blessing Declaration is insufficient evidence.[27] But this and other courts have found that in similar CAFA removal cases, a declaration from the defendant's payroll director is sufficient evidence when a plaintiff does not submit any evidence in opposition. *See, e.g.*, *Vasquez v. RSI Home Prod., Inc.*, 2020 WL 6778772, at *4 (C.D. Cal. Nov. 12, 2020) (reasonable to rely on defendant's declaration where declaration aligned with allegations in the complaint and plaintiff did not submit any evidence); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *5 (C.D. Cal. June 22, 2017) (similar).

Azimihashemi further asserts that the Blessing Declaration incorrectly assumes that First Transit's assumption of a 100% violation rate is baseless.[28] But Azimihashemi offers no alternative violation rate, and the Complaint itself alleges a 100% violation rate: "During the relevant time period, Defendants failed to provide ***all*** requisite uninterrupted meal and rest periods to Plaintiff and the other class members."[29] As this Court has previously pointed out, Azimihashemi likely worded the Complaint extremely broadly on purpose, in order to seek justice for the maximum number of people. It is, therefore, reasonable to look to this wording when determining the alleged violation rate. *See Vasquez*, 2020 WL 6778772, at *4 (C.D. Cal. Nov. 12, 2020) (assumption of 100% violation rate was reasonable where pleadings were "general and expansive"); *compare Schiller v. Ashley Distribution Servs., Ltd.*, 2021 WL 1292511, at *5 (C.D. Cal. Apr. 6, 2021) (declining to find universal violation rate reasonable where complaint specified that violations occurred "not regularly").

Thus, Azimihashemi's second and third claims for relief alone allege an amount in controversy sufficient for CAFA removal. The Court need not

---

[27] Reply at 5:3-6:1.
[28] Motion at 7:24-8:4.
[29] Complaint ¶ 38 (emphasis added).

analyze Azimihashemi's other causes of action; however, to the extent that First Transit was over-inclusive in its calculations of damages, it is likely that the remaining claims for relief will lead to an amount in controversy exceeding $5 million.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Azimihashemi's Motion to Remand.

**IT IS SO ORDERED.**

Dated: July 15, 2021



John W. Holcomb
UNITED STATES DISTRICT JUDGE